NO. 07-04-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2005

_____

DAVID WAYNE SESSIONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,765-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a not guilty plea, appellant David Wayne Sessions was convicted by a jury

of indecency with a child and sentenced to 11 years confinement. In presenting this appeal,

counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

On August 21, 2002, appellant was indicted for indecency with a child by sexual contact. At trial, the six year old victim testified he was forced to touch appellant sexually. A video interview containing the victim's description of the abuse was also presented to the jury. Key witnesses for the State included the mother of the victim, who is also appellant's wife, the victim's great grandmother, and the victim's private therapist. All three women testified to the abuse as related to them by the victim. On the other hand, appellant called

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

witnesses which disputed the victim's veracity and testified to appellant's good reputation in the community.

By his *Anders* brief, counsel addresses several arguable grounds for appeal. Appellant made five pretrial motions; four were granted. The exception was a motion in limine made pursuant to article 38.37 of the Texas Code of Criminal Procedure to exclude allegations of sexual misconduct contained in an expert report delivered to defense counsel on the day of trial. Appellant obtained a running objection, preserving the issue for appellate review. *See* Webb v. State, 760 S.W.2d 263, 275 (Tex.Cr.App. 1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989) (holding that a motion in limine alone will not preserve error for review).

A trial court's ruling concerning the admission of evidence is reviewed under an abuse of discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App. 2000). We must uphold the trial court's decision to admit the evidence as long as it falls within the zone of reasonable disagreement. Wheeler v. State, 67 S.W.3d 879, 889 (Tex.Cr.App. 2002). Here, the court concluded that the allegations contained in the expert's report were the same allegations provided to appellant in the State's article 38.37 notice several weeks prior to trial. Accordingly, we do not find the court's decision to deny appellant's motion to exclude this evidence to be an abuse of discretion.

Counsel also addresses appellant's motion for mistrial. During the punishment phase, the State cross-examined a probation officer called by appellant by asking, "What

happens if the probationer refuses to admit the crime?  Denies it?  Says, I didn't do it?".  The officer responded by saying "he may be kicked out of the program."  The State continued to cross-examine the witness, and on redirect, appellant's counsel moved for a mistrial contending the officer's response was an improper comment on appellant's failure to testify. The court denied appellant's motion.

Mistrial is an extreme remedy appropriate only when the objectionable event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant.  *See* Bauder v. State, 921 S.W.2d 696, 698 (Tex.Cr.App. 1996).  Denial of motion for mistrial is reviewed under an abuse of discretion standard.  *See* Kipp v. State, 876 S.W.2d 330, 339 (Tex.Cr.App. 1994).  In the present case, even if we assume the question and response were erroneous and should not have been admitted, their admission did not cause the degree of incurable prejudice that would justify a mistrial.  Accordingly, we do not find the court's decision to deny the motion for mistrial to be an abuse of discretion.

We also find appellant was afforded effective assistance of counsel.  *See* Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  *See also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Rylander

4

v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Although the outcome was not in appellant's favor, trial counsel filed and succeeded on multiple pre-trial motions, conducted proper *voir dire*, vigorously cross-examined witnesses, and moved for a mistrial. Absent evidence regarding counsel's trial strategy and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. *See* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.